IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| George Michael Dixon, | C/A No.: 1:11-3468-TLW-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Mildred L. Rivera, Warden, | |
| Respondent. | |

  Petitioner, a federal inmate housed at Federal Correctional Institution ("FCI") Estill, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a federal sentence imposed by the United States District Court for the Western District of North Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.  Factual Background

  According to his petition, Petitioner entered a guilty plea to a drug-related offense in the United States District Court for the Western District of North Carolina, and was sentenced to 188 months in prison on April 17, 2006, subsequently reduced to 151 months based upon the "2008 amendments to the crack cocaine sentencing laws." [Entry #1 at 3–4; Entry #1-1 at 1]. Petitioner indicates that he did not appeal his conviction, nor

has he filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. [Entry #1 at 2, 4].

Petitioner alleges he was improperly sentenced because his "prior state convictions" did not meet the Controlled Substances Act's requirements "to obtain an enhanced punishment based upon the existence of a prior conviction." [Entry #1-1 at 4]. Petitioner "seeks to be re-sentenced due to the fact that his criminal history category was improperly increased by the U.S. Probation Department's reliance upon non-felony adjudications." [Entry #1-1 at 1].

II.    Discussion

   A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B. Analysis

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). *See also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. It is noted that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that

3

provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

To trigger the savings clause of § 2255(e) and now proceed under § 2241, Petitioner must show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.*

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." The petition provides no evidence that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner argues that he should be allowed to proceed under § 2241 because a change in the law renders his sentence enhancement improper.[1] However, Fourth Circuit precedent has "not extended the reach

---

[1] Petitioner relies on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (when deciding whether a North Carolina conviction is a predicate offense for sentencing enhancement purposes, the sentencing court must look to whether the particular defendant, based on his own criminal history, could have received a sentence in excess of twelve months). However, the Fourth Circuit has not held that *Simmons* is retroactive.

4

of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In Re Jones*, 226 F.3d at 333–34). Further, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). As Petitioner's claim is insufficient to invoke the savings clause embodied in § 2255, he is barred from proceeding with this habeas corpus action under § 2241. In addition, Petitioner is well beyond the one-year statute of limitations for filing a § 2255 motion in the sentencing court. *See* 28 U.S.C. § 2255(f). Therefore, it is not in the interest of justice to transfer this case. *Cf. Shaw v. United States*, No. 09-8186, 2011 WL 915814 (4th Cir. March 27, 2011).

III.   Conclusion

Accordingly, it is recommended that the Petition in the above-captioned case be dismissed without prejudice.

---

The numerous remands issued by the Fourth Circuit since *Simmons* have all been direct appeals or direct appeals on remand from the Supreme Court of the United States. *See, e.g., U.S. v. Smith*, No. 10-5320, 2012 WL 11222 (4th Cir. Jan. 4, 2012) (direct appeal); *U.S. v. Lopez-Perez*, No. 11-4732, 2012 WL 8323 (4th Cir. Dec. 20, 2011) (direct appeal); *U.S. v. White*, No. 09-4257, 2011 WL 5008534 (4th Cir. Oct. 20, 2011) (direct appeal on remand from Supreme Court). Moreover, the Supreme Court of the United States has *not* held that the holding in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), the case on which the holding in *Simmons* is based, is retroactive to cases on collateral review. *See also Gaddy v. U.S.*, No. 3:08-50, 2011 WL 7021140, at *8–9 (N.D. W. Va. Dec. 15, 2011) (holding *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review).

IT IS SO RECOMMENDED.

*[Signature: Shiva V. Hodges]*

January 20, 2012                                    Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).